UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HILARY PALENCAR,** : | |
| Plaintiff : | CIVIL ACTION NO. 3:15-1189 |
| v. : | (MANNION, D.J.) |
| | (CARLSON, M.J.) |
| **STANLEY RAIJSKI, <u>et al.</u>,** : | |
| Defendants : | |

## **MEMORANDUM**

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that this court transfer a majority of the claims raised in the above-captioned matter to the United States District Court for the District of Maine and that the plaintiff be directed to file an amended complaint as to the remaining claims. (Doc. 3). The plaintiff has filed objections to Judge Carlson's report. (Doc. 4). Based upon the court's review of the record in this case, the court will adopt the report of Judge Carlson in its entirety and overrule the objections of the plaintiff.

By way of relevant background, the plaintiff, proceeding *pro se*, filed the instant action on June 17, 2015, in which she alleges owner breach of contract against defendants Keith and Brenda Theriault, (the "Theriaults"), of Madawaska, Maine, under the Code of Federal Regulations governing

Housing and Urban Development and, specifically, the Housing Choice Voucher Program, Section 8 Tenant-Based Assistance, 24 C.F.R. §982.453. The plaintiff further alleges violations of the Fair Housing Act, 42 U.S.C. §3601, against the Theriaults, MaineHousing, and Stanley Raijski, the plaintiff's former landlord in Luzerne, Pennsylvania. Finally, the plaintiff alleges a violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., against MaineHousing.[1]

By report dated June 18, 2015, Judge Carlson gave the complaint preliminary consideration and determined that "the entire gravamen of [the plaintiff's] complaint relates to housing matters under the Housing Choice Voucher program which are alleged to have occurred in the State of Maine, and involve individual and agency defendants located in Maine." Given that "a substantial part of the events or omissions giving rise to the claim occurred" in Maine, Judge Carlson concluded that venue over the primary matters alleged in the complaint lies in the United States District Court for the District

---

[1] The plaintiff also names as defendants John Gallagher, Allison Gallagher, Lauren Busterd, Denise Lord, Colin Wall, and Sue O'Clair. From the allegations of the complaint, all of these individuals were associated with the events which took place when the plaintiff moved to Madawaska, Maine. However, the plaintiff does not set forth the basis upon which these individuals are being sued.

of Maine pursuant to 28 U.S.C. §1391(b). Citing the report as notice to the plaintiff that her complaint does not allege facts which would give rise to venue over much of her action, Judge Carlson noted the court's ability to raise the issue of an apparent lack of venue *sua sponte*. In order not to prejudice the rights of the plaintiff, Judge Carlson has recommended that the complaint be transferred to the United States District Court for the District of Maine, rather than dismissed.

As to the only claims which relate to Pennsylvania, i.e., those against defendant Raijski, Judge Carlson found that the allegations against defendant Raijski "bear no legal, logical, topical or temporal relationship to the matters that occurred later in Maine." Without further clarification of the link between the claims, Judge Carlson noted that joinder of these divergent claims would be inappropriate under Fed.R.Civ.P. 20, the rule governing joinder of defendants in federal litigation. Judge Carlson concluded that it could not be said from the complaint that the allegations concerning defendant Raijski arise out of the same transaction, occurrence or series of transactions or occurrences as the allegations of conduct in Maine which involved different individuals months after the alleged actions of defendant Raijski. Because the claims appear to involve separate transactions, Judge Carlson noted that, in

the exercise of its discretion, the court can require the plaintiff to file separate complaints relating to the factually distinct claims. As such, Judge Carlson has recommended that the court direct the plaintiff to file an amended complaint in this court relating solely to the claims against defendant Raijski.

The plaintiff has filed objections to Judge Carlson's report initially asking this court to vacate referral of this matter to Judge Carlson. The plaintiff further requests that her entire complaint be maintained in the Middle District of Pennsylvania.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In the first pages of her objections, the plaintiff questions Judge Carlson's impartiality and asks for his recusal. The plaintiff argues that language Judge Carlson used in his report citing to prior cases filed by her is prejudicial. She further argues that Judge Carlson denied her request for discovery in one of her prior actions. The plaintiff argues that "the inconsistency between [Judge Carlson's] public image as a friend of disadvantaged youth and his oddly draconian refusal to help a single, older, law-abiding disabled female pro se is indicative of bias the source of which she chooses not to speculate." She concludes that she "has no choice but to suffer over and fear, and for that reason to ask for [Judge] Carlson's recusal."

Federal law provides that a judge "shall disqualify himself in any

5

proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). "'A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias . . . Under §455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse.'" Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (quoting Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 343 (3d Cir. 1998)). "Beliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom, a duty to recuse might ensue.'" United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006) (quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995)).

In considering the plaintiff's arguments, the record does not reflect that Judge Carlson cannot be impartial with respect to his rulings in the instant action. There is no indication from Judge Carlson's report that the reference to the plaintiff's prior actions was meant to be prejudicial in any manner; in fact, the plaintiff cannot deny that she has filed two prior *pro se* actions in this court. As to Judge Carlson's discovery rulings in one of the plaintiff's other

6

actions, a judge's opinions formed on the basis of events occurring in the course of prior proceedings do not constitute a basis for recusal unless they display a "deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555–56 (1994). There is no evidence of such in this case. In fact, Judge Carlson's recommendations were specifically made so as not to prejudice the plaintiff— ". . . in order to protect the plaintiff's rights as a *pro se* litigant, we recommend that this Court order this case transferred to the United States District Court for the District of Maine for further proceedings. Such transfer order avoids any prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds." (Doc. 3, p. 4). Further, rather than recommending dismissal of the plaintiff's claims against defendant Raijski, Judge Carlson recommended that the plaintiff be allowed to amend her complaint with respect to this defendant so as to have the opportunity to clarify her claims. Accordingly, the plaintiff's motion for the recusal of Judge Carlson will be denied.

The remainder of the plaintiff's objections set forth the reasons why she believes this court has personal jurisdiction over all of the defendants. Judge Carlson, however, recommended transfer of a large portion of the plaintiff's

7

complaint based upon improper venue, not for lack of personal jurisdiction. The court has reviewed the allegations in the plaintiff's complaint, as well as Judge Carlson's reasons for recommending transfer for improper venue. The court finds Judge Carlson's reasoning sound pursuant to the provisions of 28 U.S.C. §1404 and will adopt Judge Carlson's report in this respect.

Finally, the plaintiff has not substantively challenged Judge Carlson's recommendation that she be allowed to amend her complaint with respect to the claims against defendant Raijski. The court will also adopt Judge Carlson's report in this respect.

On the basis of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 8, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1189-01.wpd